JOHN KELLY, Respondent, *v.* THE NEW YORK AND MANHATTAN BEACH RAILWAY COMPANY, Appellant.

*Costs — when plaintiff entitled to, on the ground that the title to real property is involved.*

Appeal from an order vacating and setting aside a taxation of costs, and also vacating and setting aside a judgment herein.  The action was brought to recover damages for trespass upon lands.. The plaintiff recovered a verdict of forty-nine dollars, whereupon the defendant caused costs to the amount of $98.74 to be taxed in his favor, the plaintiff objecting, and entered judgment therefor against the plaintiff.  The plaintiff thereupon on an order to show cause procured an order vacating and setting aside the taxation of costs and the judgment, and directing costs to be taxed for plaintiff.

The court, at General Term, said :   "The question of title to land arose upon the pleadings.  The plaintiff avers, in his complaint, that he is 'the owner in fee' of the premises therein described, and 'in possession thereof.'  The answer denied that the plaintiff is the 'owner in fee,' and alleges that he was not in possession thereof.  It was not an immaterial averment, necessarily, that the plaintiff owned the fee.  If the plaintiff's right was possessory only, he could not recover for damages to the freehold beyond the injury he would sustain by the injury to his right of

possession. The averment, therefore, that he was owner, as well as possessor, was probably necessary. There may, or may not, have been given formal proof of title upon the trial; proof of possession would be sufficient to have title presumed in the absence of proof to the contrary. The case is, therefore, one in 'which the plaintiff is entitled to costs, and the defendant is not.'"

*Alfred C. Chapin*, for the appellant.    *Wm. B. Hurd, jr.*, for the respondent.

Opinion by BARNARD, P. J., DYKMAN, J., concurred, PRATT, J., not sitting.

Order affirmed, with ten dollars costs and disbursements.